THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Samuel A. Rose,       
Appellant.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-221
Submitted January 29, 2003  Filed March 
 20, 2003   

AFFIRMED

 
 
 
Assistant Appellate Defender Tara S. Taggart, of Columbia; 
 for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney 
 General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; 
 and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; 
 Solicitor Ralph E. Hoisington, of Charleston; for Respondent.
 
 
 

PER CURIAM:  Samuel A. Rose appeals from 
 his conviction and sentence for indecent exposure.  He contends the police conducted 
 an unduly suggestive lineup.  We affirm. 
 [1] 
The victim, a dental student at the Medical 
 University of South Carolina in Charleston, was headed for her car in the parking 
 lot during daylight hours when she noticed a man standing in the median.  She 
 crossed the street, and the man began to follow close behind her.  When she 
 reached her car, she got in and locked the doors.  As she prepared to back out 
 of her parking space, she looked over her left shoulder and saw the man at her 
 window, his genitals exposed.  He followed alongside the victims car as she 
 drove away.  
The victim immediately reported the incident 
 to the police.  She described the person as a slim African-American male who 
 stood between five feet, five inches and five feet, seven inches tall.  She 
 said he wore square glasses; had no facial hair; had slightly pointed ears; 
 and wore blue pants, a white shirt, and a blue jacket.  She estimated seeing 
 the man for about eight to ten minutes while traveling about two hundred feet 
 and waiting on traffic.  
The following day, in an attempt to identify 
 the man, she viewed an array of six color photographs of subjects with the same 
 physical description: all were African-Americans, all appeared to be about the 
 same age, and all wore glasses.  She identified Rose as the man who had exposed 
 himself to her.  
On cross-examination, defense counsel 
 drew an admission from the victim that the background in Roses photograph appeared 
 darker than the rest.  
The trial court found the identification 
 procedure was not unduly suggestive and denied Roses motion to suppress the 
 out-of-court and in-court identifications.  
The trial record fully supports the trial courts 
 finding. [2]   Roses odd behavior alerted the victim; she 
 had a continuing opportunity to observe his appearance and his attire, including 
 such details as his lack of facial hair, his distinctive ears, and his eyeglasses.  
 All the men pictured in the array were of the same race, about the same in age, 
 and wore eyeglasses.
As for the background of Roses photograph 
 appearing different from the rest, the victim attached no significance to that 
 fact.  Moreover, another photograph in the array also had a different background 
 color.  What she did find distinctive about Roses photograph, however, was 
 his glasses and his ears.  
 AFFIRMED.
HEARN, C.J., and GOOLSBY and SHULER, 
 JJ., concur.

 
 [1]   We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 [2]   See State v. Moore, 343 S.C. 282, 
 287, 540 S.E.2d 445, 447 (2000) (holding that the court must determine whether 
 the identification process was unduly suggestive, and only if it was so does 
 the court need to determine whether there was a substantial likelihood of 
 irreparable misidentification).